87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shakir Abdul RAHIM, aka Michael Jackson; Al-Wakell Mahmood,
aka Robert James, Plaintiffs-Appellants,
v.
James GOMEZ, Director of California Department of
Corrections; J.M. Ratelle, Warden of Richard J.
Donovan Correctional Facility,
Defendants-Appellees.
 No. 94-55599.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1996.*
Decided June 13, 1996.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 MEMORANDUM**
 This is a civil rights action brought by two California state prisoners charged with wrongdoing in connection with a racial disturbance at the prison. Based on information provided by three confidential sources, prison officials concluded that the prisoners conspired to continue the racial violence. They were placed in administrative segregation pending administrative review of the charges. That administrative review ultimately resulted in a determination that the confidential information failed to meet the reliability standards mandated by state law, and accordingly the charges were vacated.
 
 
 1
 The prisoners thereafter filed this 42 U.S.C. § 1983 action, alleging that prison officials violated their due process rights by accusing and adjudicating them guilty of misconduct based on unreliable information. The prisoners also asserted first and eighth amendment claims based on their conditions of confinement, and a violation of state law notice requirements. The district court ruled that with the exception of one eighth amendment allegation, defendants were entitled to qualified immunity for any alleged damages that may have occurred. In addition, the court held that defendants were entitled to judgment as a matter of law on plaintiffs' claims for injunctive and declaratory relief, and on the surviving eighth amendment claim for damages. The state law claim was dismissed.
 
 
 2
 We have carefully reviewed the record and conclude that no reversible error occurred. We agree with the district court that defendants are entitled to qualified immunity. Government officials performing discretionary functions are entitled to qualified immunity from civil liability for damages when reasonable officials could have believed that the conduct was lawful in light of clearly established law and the information that the officials possessed. Hunter v. Bryant, 502 U.S. 224, 227 (1991).
 
 
 3
 The prisoners' due process claim fails on the merits. Inmates have liberty interests protected by the due process clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Even assuming that the administrative segregation here meets that standard, there is no dispute that the prisoners were accorded a full and complete post-deprivation remedy that was adequate to protect their procedural due process rights. See Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir.1994).
 
 
 4
 We also reject the prisoners' first and eighth amendment claims. The prisoners failed to provide sufficient facts to show that their free exercise of religious beliefs were substantially burdened by their segregative confinement. See Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995) (per curiam). Similarly, their allegations regarding cold cells, showers and food are insufficient to rise to the "extreme deprivations ... required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 8 (1992). Finally, the district court did not abuse its discretion in declining to assert jurisdiction over the remaining state claim after the federal claims were dismissed. See Brady v. Brown, 51 F.3d 810, 816 (9th Cir.1995).
 
 
 5
 The prisoners also raise a host of procedural errors allegedly made by the district court. Again, we have reviewed the record, and we do not agree with the prisoners that they were deprived of the fair opportunity to present their case. There is no indication that plaintiffs' ability to prepare their case was compromised by the delay of service of a defendant not a party to this appeal. The denial of their motion for a continuance was not an abuse of discretion. See Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir.1994). Finally, there is no support in the record for prisoners' claims on appeal that the district court was biased or prejudiced. Adverse rulings, standing alone, are insufficient to establish judicial bias or prejudice. Taylor v. University of California, 993 F.2d 710, 712 (9th Cir.1993), cert. denied, 114 S.Ct. 890 (1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3